

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 8, 1958

Honorable Robert S. Calvert          Opinion No. WW-409
Comptroller of Public Accounts
Capitol Station                      Re:  Should the amount of
Austin, Texas                             earnest money forfeited
                                          on the sale of property
                                          by the Board of Control
                                          for the Highway Depart-
                                          ment be deposited and
                                          credited to the General
                                          Revenue Fund, or should
                                          it be deposited to the
Dear Mr. Calvert:                         State Highway Fund?

        You have requested an opinion of this office as to
whether the amount of earnest money forfeited on the sale of
property by the Board of Control for the Highway Department
should be deposited to the General Revenue Fund or to the
State Highway Fund.

        The property sold, and upon which sale the earnest
money was deposited, is a house acquired by the State Highway
Department in the purchase of a highway right-of-way. The
purchase of the right-of-way was made from the State Highway
Fund.

        The Board of Control is given certain authority of
sale and disposal of State personal property by the Salvage
and Surplus Act of 1957, which appears as Article 666 of Ver-
non's Annotated Texas Civil Statutes. Section 4 (e) of Article
666 reads as follows:

        "The proceeds from the sale of any surplus
    property less the cost of advertising the sale
    shall be deposited to the credit of the item of
    appropriation to the agency for whom the sale
    was made. A portion of the proceeds from the
    sale of any surplus property equal to the cost
    of advertising the sale shall be deposited in
    the State Treasury to the credit of the item
    of appropriation to the State Board of Control
    from which such cost was expended." (Empahsis ours)

In our opinion the controlling term of Section 4 (e) is "proceeds from the sale". That is to say, if the earnest money, when forfeited, can be deemed "proceeds from the sale" of the property, it must be credited to the Highway Fund. Of course the Board of Control would be entitled to a credit equal to the cost of advertising the sale.

The property was sold to the high bidder upon the opening of sealed bids. The conditions of sale called for a bid deposit in the amount of fifteen per cent (15%) of the bid price. This 15% bid deposit was to be forfeited in the event the high bidder failed to take the property. If it were not for the sale and the terms and conditions thereof concerning the earnest money, the money in question would not have accrued to the benefit of the State.

Therefore, it is our opinion that the 15% bid deposit, upon forfeiture, comes within the term "proceeds from the sale" of porperty as that term is used in Section 4 (e) of Article 666. It is further our opinion, in answer to your question, that the earnest money forfeited on the sale of property by the Board of Control for the Highway Department should be credited to the State Highway Fund after deducting the cost of advertising the sale and crediting such sum to the Board of Control.

## SUMMARY

The earnest money forfeited on the sale of property by the Board of Control for the Highway Department comes within the term "proceeds from the sale" as used in Section 4 (e) of Article 666 of Vernon's Annotated Texas Civil Statutes, therefore, this sum should be

credited to the State Highway
Fund after crediting the cost
of advertising the sale to
the Board of Control.

Very truly yours,

WILL WILSON
Attorney General of Texas

By

W. O. Shultz
Assistant

WOS:pf:mg

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Ralph R. Rash
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL

By:
    W. V. Geppert